UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

VALVOLINE LLC ET AL,                                  :

                       Plaintiffs,     :    **ORDER AND OPINION**

                                   :    **GRANTING DEFENDANT'S**

    -against-     :    **MOTION TO DISMISS**

VGP HOLDINGS LLC ET AL,     :

                                   :    25 Civ. 5369 (AKH)

                   Defendants.     :

---------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiffs Valvoline LLC and Valvoline Licensing and Intellectual Property LLC, and Valvoline Inc. (collectively "Plaintiffs" or "Valvoline") filed suit against Defendants VGP Holdings LLC and VGP IPCo LLC (collectively "Defendants" or "VGP") on June 27, 2025, alleging trademark infringement claims under the Lanham Act, and breach of contract and trademark infringement claims arising from state law. *See* ECF No. 1. Plaintiffs allege subject matter jurisdiction for the Lanham Act claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the state claims. Defendants move to dismiss the federal claim and ask me to decline supplemental jurisdiction over the state claims. *See* ECF No. 19.[1]

## FACTUAL BACKGROUND

Plaintiffs, Valvoline LLC ("Valvoline") and Valvoline Licensing & Intellectual Property LLC ("VLIP") are Delaware limited liability companies with principal places of business in Lexington, Kentucky. *See* ECF No. 1 ¶¶ 4-5. VLIP is a wholly owned subsidiary of Valvoline LLC. *See id.* at ¶ 5. Defendants VGP Holdings LLC and VGP IPCo LLC are

---

[1] Defendants also move to strike Plaintiffs' requests for profits and enhanced damages. *See* ECF No. 19. As explained below that motion is moot.

Delaware limited liability companies with their principal places of business in Lexington, Kentucky. *See id.* at ¶¶ 7-8.

Valvoline offers a range of vehicle maintenance services throughout the United States and maintains exclusive use of the "VALVOLINE and V logo and design marks" (collectively, the "Valvoline Marks") within its defined retail services field of use. *See* ECF No. 1, ¶¶ 4-6, 12, 16-17, 24; *see also* ECF No. 1-1. On March 1, 2023, the Saudi Arabian Oil Company acquired Valvoline's global products business, VGP. *See* ECF No. 1, ¶ 21.

As part of VGP's acquisition, Valvoline and VGP entered into a Trademark Co-Existence Agreement ("Brand Agreement") which allocates use of the Valvoline Marks between the parties by defined fields of use, confirming Plaintiffs' retention of exclusive trademark rights in the automotive retail services field, and confers on Defendants the right to use the trademark for lubricant products. *See id.*; ECF No. 1-1. The agreement acknowledged that VGP would "own all trademarks owned or controlled" by Valvoline immediately prior to the date of contract "regardless of Field of Use." ECF Nos. 1-1; 1 at ¶¶ 22, 27.

Plaintiffs allege VGP infringed their trademark and breached their agreement, confusing customers and forcing Valvoline to expend resources to resolve resulting issues. *See* ECF No. 1, ¶¶ 33-37, 42-45, 49, 54, 56, 58-59. In response to VGP's alleged non-compliance with, and failure to cure allegedly noticed breaches of, the parties' brand agreement, Valvoline filed this lawsuit. *See id.* at ¶¶ 64, 68-70, 80.

Defendants move to dismiss, arguing that Plaintiffs' claims arise from their contract, and not the Lanham Act, so that there are no federal claims and supplemental jurisdiction is not warranted. *See* ECF No. 19.

STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss, the Court must accept all of the complaint's factual allegations as true and draw all reasonable inferences in the pleader's favor. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993).

A complaint is deemed to include any written instrument attached to it as an exhibit, any statements or documents incorporated in it by reference, and documents not incorporated by reference, but which nevertheless are "integral" to the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). Here, the Court considers the parties' Brand Agreement, which is incorporated in the complaint. *See* ECF No. 1-1. [2]

DISCUSSION

## I.    Lanham Act Claims

Plaintiffs claim that their Second and Third causes of action arise from the Lanham Act. *See* ECF No. 1. Specifically, Plaintiffs assert claims of willful trademark infringement, *see* 15 U.S.C. § 1114, and false advertising, false designation of origin, and unfair competition. *See* 15 U.S.C. § 1125(a).

---

[2] Plaintiffs' complaint and Defendants' motion to dismiss differ on whether this is the final version of the Brand Agreement. *Compare* ECF No. 1, ¶ 21 *and* ECF No. 19 at 2 n.1. At the pleading stage, the Court does not resolve factual disputes and accepts the allegations in the complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

Section 1114 imposes "liability for the unpermitted 'use in commerce' of another's mark," or counterfeit thereof, "'likely to cause confusion, or to cause mistake, or to deceive.'" *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 128 (2d Cir. 2009) (*quoting* 15 U.S.C. § 1114). Section 1125(a) prohibits, and imposes liability for, "the use in commerce of any word, term, name, symbol, device, or combination thereof, which is likely to cause confusion as to the origin, sponsorship, or approval of a person's goods with those of another person or which misrepresents the nature, characteristics, qualities, or geographic origin of another person's goods." *Christian Dior Couture SA v. Lin*, 744 F. Supp. 3d 312, 315 (S.D.N.Y. 2024) (*citing* 15 U.S.C. § 1125(a)). "The standards governing claims for unfair competition, under Section [1125(a)] … and for trademark infringement, under [§ 1114] … are substantially the same." *See Soter Techs., LLC v. IP Video Corp.*, 523 F. Supp. 3d 389, 397 (S.D.N.Y. 2021) (citing cases).

"The mere fact that a trademark was the subject of the contract does not convert a … breach of contract issue into a federal Lanham Act claim." *Tap Publications, Inc. v. Chinese Yellow Pages (New York) Inc.*, 925 F. Supp. 212, 217 (S.D.N.Y. 1996). Where parties have entered into a contract allocating ownership and use of a trademark, it is the contract, not the Lanham Act, that defines the parties' relationship and provides mechanisms to address alleged breaches. *See id.* (*quoting Silverstar Enters., Inc. v. Aday*, 537 F. Supp. 236, 242 (S.D.N.Y. 1982); *see also Stancato v. Versace*, 94 Civ. 4192 (JFK), 1995 WL 437532, at *3 (S.D.N.Y. July 23, 1995) ("In cases where a contract establishes which party owns a particular trademark, it is the contract and not the Lanham Act that determines the rights of the parties.").

Here, the Brand Agreement governs the parties' dispute. Plaintiffs reference the agreement under each cause of action, including their Lanham Act claims, in support of their complaint. *See* ECF No. 1, ¶¶ 82-92, 99, 103, 112. Because Plaintiffs have entered into a contract allocating ownership of the Valvoline Marks by their respective fields of use, the contract, not the Lanham Act, defines the parties' relationship and provides a mechanism to

4

address breaches. *See Gen. Elec. Co. v. Feuz Mfg., Inc.*, No. 107CV1008LEKDRH, 2008 WL 11355394, at *3 (N.D.N.Y. May 15, 2008) ("courts have dismissed Lanham Act claims where the real issue in the case involved a breach of contract").

Accordingly, Plaintiffs' Lanham Act claims, their Second and Third causes of action, are dismissed.

## II.    Supplemental Jurisdiction

The decision whether to exercise supplemental jurisdiction is discretionary and not a litigant's right. *See Gilmore v. Gilmore*, No. 09 CIV. 6230 WHP, 2011 WL 5517832, at *2 (S.D.N.Y. Nov. 10, 2011), *aff'd*, 503 F. App'x 97 (2d Cir. 2012) (*citing Klein & Co. Futures v. Bd. of Trade of City of New York*, 464 F.3d 255, 263 (2d Cir. 2006)); *see also* 28 U.S.C. § 1367(c).

Having dismissed all claims over which this Court had original jurisdiction, I decline to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3). Discovery and dispositive briefing have not commenced, and the parties will not face undue hardship by re-filing in New York state court.

## III.    Motion to Strike

Having declined to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims, I deny Defendant's motion to strike as moot.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss Plaintiffs' Lanham Act claims, the Second and Third causes of action, is granted.

Having dismissed all claims over which the Court has original jurisdiction, I decline to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims, which are dismissed without prejudice. Defendant's motion to strike is denied as moot.

The Clerk shall terminate ECF No. 18.

SO ORDERED.

Dated:          February 19, 2026
                New York, New York

ALVIN K. HELLERSTEIN
United States District Judge